IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**RICHARD W. MORROW**                                                          **PETITIONER**

**v.**                                                        **No. 1:21CV24-MPM-RP**

**STATE OF MISSISSIPPI**                                                   **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Richard W. Morrow for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Morrow has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as untimely filed.

**Facts and Procedural Posture**

On March 2, 2016, Richard W. Morrow was convicted in the Alcorn County Circuit Court of fondling and sentenced as a habitual offender to serve life without parole in the custody of the Mississippi Department of Corrections ("MDOC"). Exhibit A[1] (Final Judgment, Alcorn County Circuit Court, Case No. CR2013-071). Morrow appealed, and on June 13, 2019, the Mississippi Supreme Court affirmed his conviction and sentence. *Morrow v. State*, 275 So. 3d 77 (Miss. 2019).

Mr. Morrow filed a Motion for Post-Conviction Collateral Relief ("PCR motion") on April 6, 2020, in the Mississippi Supreme Court in Cause No. 2020-M-00368. *See* Exhibit C. Mr. Morrow's PCR motion was not, however, properly filed; the Mississippi Supreme Court

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

found it to be deficient for "failure to comply with the requirements of Mississippi Code Sections 99-39-9 and/or 99-39-27," [2] [3] and on April 28, 2020, instructed him to cure all deficiencies within thirty (30) days of the notice. *See* Exhibit D. On May 22, 2020, Mr. Morrow filed a Motion for Continuance, requesting an additional thirty (30) days to cure the deficiencies in his PCR motion. *See* Exhibit E. On May 28, 2020, he was given an additional thirty (30) days in which to cure the deficiencies, and his PCR motion became due on June 29, 2020. *See* Exhibit F. He filed another Motion for Continuance on June 12, 2020, seeking an additional thirty (30) days to his PCR motion. On June 30, 2020, the Mississippi Supreme Court dismissed the PCR motion and Motion for Continuance without prejudice, "[a]llowing [Morrow] to timely file a proper application[,]" should he choose to do so. *See* Exhibit G.

On July 21, 2020, Richard Morrow filed a Motion for Reconsideration (in the nature of a PCR motion) with the Mississippi Supreme Court in Cause No. 2020-M-00368, alleging claims of speedy-trial violations, Confrontation Clause claims, challenges to the evidence, and ineffective assistance of counsel. *See* Exhibit H. The Mississippi Supreme Court construed this motion as a properly filed motion for post-conviction relief – and denied it on October 6, 2020. See Exhibit I. The Mississippi Supreme Court found:

> Many of the claims were raised on direct appeal and, thus, are barred from further review. Miss. Code Ann. §99-39-21(3). Other issues were capable of being raised at trial or on direct appeal and also are barred. Miss. Code Ann. § 99-39-21(1). Furthermore, Morrow fails to raise an arguable basis for his claims to warrant an

---

[2] Section 99-39-9 sets forth the requirements for submitting a motion under Mississippi's Uniform Post-Conviction Collateral Relief Act.

[3] Section 99-39-27 sets for the requirements for submitting to the Mississippi Supreme Court a proper Application for Leave to Proceed in the Trial Court with a motion for post-conviction collateral relief.

exception from the procedural bars. *See Means v. State*, 43 So. 3d 438, 442 (Miss. 2010). The panel also finds that Morrow's remaining claims are without merit.

*Id*.

In the present case, Mr. Morrow's federal petition for a writ of *habeas corpus* was signed and postmarked on January 26, 2021, and "filed" in this court on February 8, 2021. Doc. 1. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing).

## One-Year Limitations Period

Mr. Morrow's petition for a writ of *habeas corpus* is untimely filed. Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. Morrow's federal petition for a writ of *habeas corpus* initially became due one year after his state conviction became final on September 11, 2019, ninety (90) days after the Mississippi Supreme Court affirmed Morrow's conviction and sentence. *See Caspari v. Bohlen*, 510 U.S. 383, 387 (1994). Thus, the initial deadline for Morrow to file his federal *habeas corpus* petition was September 11, 2020 (September 11, 2019 + 1 year).

The Mississippi Supreme Court found that Morrow's first state application for post-conviction collateral relief was not properly filed; as such, he is not entitled to statutory tolling under 28 § U.S.C. 2244(d)(2) during its pendency. *See, e.g. Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (holding "[o]nly a 'properly filed petition for State post-conviction or other collateral review' will toll limitations. 28 U.S.C. § 2244(d)(2) (emphasis added). Federal courts should "defer to [state] courts' application of state law to determine whether a *habeas* petition is properly filed." *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001).

Mr. Morrow properly filed his second PCR motion, which was signed July 14, 2020, and denied on October 6, 2020. Hence, his federal *habeas corpus* limitations period was tolled for eighty-five (85) days during the pendency of that motion. *See* 28 U.S.C. § 2244(d)(2). As such, Mr. Morrow's deadline to file his federal *habeas corpus* petition became December 7, 2020 (September 11, 2020 + 85 days).

### No Equitable Tolling

Mr. Morrow cannot render his petition timely through the doctrine of equitable tolling, which "preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The "AEDPA's filing provision is not jurisdictional but, instead, is a statute of limitations that, like all limitation statutes, could be equitably tolled." *Fisher v. Johnson*, 174 F.3d

- 4 -

710, 713 (5th Cir. 1999) (internal citations omitted); *see also United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (applying equitable tolling to one-year limitations period in 28 U.S.C. § 2255(f)). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one[-]year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Though Mr. Morrow's conviction and sentence were affirmed in June 2019, he waited nearly a year before filing his PCR motion with the Mississippi Supreme Court in April 2020. He then failed to file a proper PCR motion – despite being given two extensions to do so. The Mississippi Supreme Court denied Morrow's PCR motion on October 6, 2020, and he then waited until the end of January 2021 to file the instant petition. He has not alleged that he was misled about the deadline, and he has

not shown any extraordinary circumstances that prevented him from filing the instant petition before that deadline expired. *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999).

For these reasons, Mr. Morrow has not shown that he diligently pursued state collateral challenges to his conviction, which precludes him from enjoying equitable tolling to render his *habeas corpus* timely. *See Alexander* 294 F.3d at 629. Thus, Mr. Morrow is not entitled to equitable tolling of the limitations period, and his deadline for seeking federal *habeas corpus* relief remains December 7, 2020.

## Timeliness Calculation

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on January 26, 2021, and the date it was received and stamped as "filed" in the district court on February 8, 2021. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 50 days after the December 7, 2020, filing deadline.[4] As discussed in detail above, the petitioner does not allege

---

[4] Though Mr. Morrow filed his federal petition less than two months after the deadline expired, the Fifth Circuit rigorously enforces the one-year AEDPA period of limitation, holding:

any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED**, this, the 1st day of February, 2022.

                                              /s/ Michael P. Mills
                                              UNITED STATES DISTRICT JUDGE
                                              NORTHERN DISTRICT OF MISSISSIPPI

---

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally.

*Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002). With such clear guidance, this court must also apply the limitations period strictly.